IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL HETZNECKER, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NATIONAL SECURITY AGENCY, | : | |
| CENTRAL INTELLIGENCE | : | |
| AGENCY, and FEDERAL BUREAU | : | |
| OF INVESTIGATION, | : | No. 16-945 |
|     Defendants. | : | |

## ORDER

**AND NOW**, this **10th** day of **November**, **2016**, it is hereby **ORDERED** that:

1. On or before Monday, November 28, 2016, Defendant Federal Bureau of Investigation turn over to the Court unredacted copies of the Freedom of Information Act disclosures made to Plaintiff for *in camera* review.

2. Defendants National Security Agency ("NSA") and Central Intelligence Agency ("CIA") search their respective databases for records responsive to Plaintiff's Freedom of Information Act ("FOIA) request.

3. Defendants NSA and CIA compile *Vaughn* Indices, whether or not the above searches yield any responsive records, and submit them to the court for *in camera* review. Based on the *in camera* examination of the *Vaughn* Indices, the Court may further require submission of the responsive records, if any responsive records exist, for *in camera* review. If further examination of the records is required, the Court will notify Defendants National Security Agency and Central Intelligence Agency *ex parte* to maintain the integrity of their *Glomar* responses. Defendants NSA and CIA will have sixty days to

comply with this order.[1]

BY THE COURT:

_____
**Berle M. Schiller, J.**

---

[1] FOIA allows courts to conduct an *in camera* review of responsive documents. 5 U.S.C. § 552(a)(4)(B). Courts are afforded "broad discretion" in determining whether *in camera* review is appropriate. *Loving v. Dep't of Def.*, 550 F.3d 32, 41 (D.C. Cir. 2008) (quoting *Armstrong v. Exec. Office of the President*, 97 F.3d 575, 577-78 (D.C. Cir. 1996). *In camera* submissions and affidavits are acceptable "[i]n both the ordinary and the exceptional case." *Lame v. U.S. Dep't of Justice*, 654 F.2d 917, 922 (3d Cir. 1981).

Before ordering *in camera* review, "the district court must strive to make the public record as complete as possible . . . ." *Patterson v. FBI*, 893 F.2d 595, 599 (3d Cir. 1990). Even if, however, the publically submitted affidavit is "sufficiently descriptive," the Court may still require "[examination] of withheld documents *in camera*." *Id.*

While courts do review documents *in camera* to counteract agency bad faith, bad faith is not a necessary criterion of *in camera* review. *Jones v. FBI*, 41 F.3d 238, 242 (6th Cir. 1994) ("Even where there is no evidence that the agency acted in bad faith with regard to the FOIA action itself there may be evidence of bad faith or illegality with regard to the underlying activities which generated the documents at issue."); *see also Hiken v. Dep't of Def.*, 521 F. Supp. 2d 1047, 1055-56 (N.D. Cal. 2007) ("While the record does not support a finding of bad faith at this time, defendants' underlying activities . . . [are] sufficient to raise questions in the mind of the public [warranting *in camera* review].").

"When describing why a *Glomar* response is necessary would reveal the information the agency seeks to withhold, the agency is permitted to submit a more detailed affidavit (a *Vaughn* Index) for *in camera* inspection. *Cozen O'Connor v. U.S. Dep't of Treasury*, 570 F. Supp. 2d 749, 787-88 (E.D. Pa. 2008). Compelling submission of a *Vaugn* Index in light of a *Glomar* response necessarily requires the agency to conduct a search for responsive documents. *C.f. Leonard v. U.S. Dep't of Treasury*, Civ. A. No. 10-6625, 2012 U.S. Dist. LEXIS 32282 (D.N.J. Mar. 9, 2012).